IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                        |     |                              |
|------------------------|-----|------------------------------|
| JARVIS HARRIS,         | )   |                              |
|                        | )   |                              |
|    Petitioner, | ) |                        |
|                        | )   |                              |
| v.                     | )   | Case No. 2:12-cv-02668-STA-dkv |
|                        | )   |                              |
| GRADY PERRY,           | )   |                              |
|                        | )   |                              |
|    Respondent. | ) |                         |
|                        | )   |                              |

**ORDER TO MODIFY THE DOCKET,
DENYING PETITION PURSUANT TO 28 U.S.C. § 2254,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition") filed by Petitioner, Jarvis Harris, Tennessee Department of Correction prisoner number 400198, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee.  (§ 2254 Pet., *Harris v. Perry,* No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 1.)  For the reasons stated below, the Court **DENIES** the § 2254 Petition.

I.        **PROCEDURAL HISTORY**

On July 30, 2012, Harris filed his *pro se* § 2254 Petition, accompanied by a legal memorandum.  (§ 2254 Pet., *Harris v. Perry,* No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 1; Mem. of Law in Supp. of § 2254 Pet., *id.*, ECF No. 1-1.)  Harris paid the habeas filing fee

on July 31, 2012.  (Case initiation fee, *id.*, ECF No. 2.)  The § 2254 Petition presented the following issues:

1. "Whether the trial court erred by its denial of petitioner's pretrial motion to suppress the evidence?" (§ 2254 Pet. at PageID 5, *id.*, ECF No. 1; *see also* Mem. of Law in Supp. of § 2254 Pet. at 4-7, *id.*, ECF No. 1-1);

2. "Whether prosecution's references to petitioner as a gang member and other related gang inferences they-so [sic] prejudice the jury as to deny petitioner a fair trial?" (§ 2254 Pet. at PageID 7, *id.*, ECF No. 1; *see also* Mem. of Law in Supp. of § 2254 Pet. at 8-10, *id.*, ECF No. 1-1);

3. "Whether the trial court erred in not suppressing petitioner's April 16, 2002 confession" (§ 2254 Pet. at PageID 8, *id.*, ECF No. 1); and

4. "Whether the petitioner was denied of [sic] effective assistance of counsel during the subsequent trial and appellate proceedings against him?" (*id.* at PageID 10; *see also* Mem. of Law in Supp. of § 2254 Pet. at 11-17, *Harris v. Perry*, No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 1-1).

The Court issued an order on August 27, 2012, directing Respondent, former HCCF Warden Joe Easterling, to file the state-court record and a response to the § 2254 Petition.  (Order, *id.,* ECF No. 3.)  That order inadvertently neglected to direct the Clerk to serve the § 2254 Petition and the August 27, 2012 order on Respondent.  On November 16, 2012, the Court directed the Clerk to serve Respondent and extended the Warden's time to respond.  (Order, *id.*, ECF No. 5.)

On January 9, 2013, Warden Easterling filed a motion to dismiss the § 2254 Petition as time barred.  (Mot. to Dismiss, *id.*, ECF No. 14.)  Respondent also filed most of the state-court

record at that time. (Resp't's Not. of Filing, *id.*, ECF No. 15.) Harris filed a response in opposition to the motion to dismiss on March 18, 2013. (Pet'r's Resp. to Resp't's Mot. to Dismiss, *id.*, ECF No. 19.) On April 10, 2013, Warden Easterling filed a motion seeking leave to withdraw his motion to dismiss. (Resp't's Mot. for Leave to Withdraw His Mot. to Dismiss, *id.*, ECF No. 21.) In an order issued on April 26, 2013, the Court granted leave to withdraw the motion to dismiss and ordered the Warden to file the remainder of the state-court record and a response to the § 2254 Petition. (Order, *id.*, ECF No. 22.)

On June 10, 2013, Warden Easterling filed the remainder of the state-court record and his Answer to the Petitioner's § 2254 Petition ("Answer"). (Resp't's Suppl. Not. of Filing, *id.*, ECF No. 23; Answer, *id.*, ECF No. 24.) On July 2, 2013, Harris filed his Reply to Respondent's Answer to Petition ("Reply"). (Reply, *id.*, ECF No. 25.)

The Court issued an order on September 28, 2015, that, *inter alia,* dismissed Claims 1 through 3. (Order, *id.*, ECF No. 26.)[1] The Order noted that "Harris has potentially viable ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims that have not been squarely addressed by the state courts." (*Id.* at 35.) Specifically, the Court noted that Harris had a potentially meritorious claim that he was arrested in violation of the Fourth Amendment but that trial counsel and post-conviction counsel had not raised the issue despite Harris's persistent attempts to bring the issue to counsels' attention. (*Id.* at 35-40.) The Order observed that "[i]t is unclear . . . whether Harris properly exhausted an ineffective assistance of trial counsel claim based on counsel's failure properly to litigate the Fourth Amendment issue. It

---

[1] The Order also directed the Clerk to substitute current HCCF Warden Grady Perry for Joe Easterling. (*Id.* at 12 n.9.) He is directed, again, to modify the docket to reflect that the respondent is Warden Perry.

is also unclear whether that failure can be excused on the basis of the Supreme Court's decisions in *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), and *Trevino v. Thaler,* 133 S. Ct. 1911 (2013)." (*Id.* at 41-42.) The Order concluded that "it is in the interest of justice to appoint counsel in this matter to represent Harris with respect to that portion of Claim 4 that addresses the handling by trial and appellate counsel of the Fourth Amendment issue arising from Harris' arrest." (*Id.* at 41.) The matter was referred to Chief United States Magistrate Judge Diane K. Vescovo to determine whether Harris qualified for appointed counsel. (*Id.*) Harris was directed to file an *in forma pauperis* affidavit and a copy of his inmate trust fund account statement. (*Id.*)

On October 20, 2015, Harris filed an *in forma pauperis* affidavit and trust fund account statement. (Appl. to Proceed in District Court Without Prepaying Fees or Costs (Short Form), *Harris v. Perry,* No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 27.) On October 29, 2015, Magistrate Judge Vescovo found that Harris qualified for appointed counsel and directed that counsel be appointed from the Criminal Justice Act panel. (Order, *id.*, ECF No. 28.) On November 4, 2015, Marty B. McAfee was appointed to represent Harris. (Appointment of and Authority to Pay Court Appointed Counsel, *id.*, ECF No. 29.)

The Court issued an order on December 10, 2015, that directed that, "within twenty-eight days of the date of entry of this order, Harris, through counsel, file any amendment to his § 2254 Petition that may be necessary pertaining to the ineffective-assistance claim and a legal memorandum." (Order at 2, *id.*, ECF No. 30.) The Warden was invited to "file a supplemental answer addressing this issue twenty-eight days after the filing of Harris' amendment and memorandum." (*Id.* at 2-3.) Harris failed to comply with, or otherwise respond to, this Order.

In an order issued on January 14, 2016, Harris, through his appointed attorney, was instructed to advise the Court within three business days whether he intends to file a supplemental memorandum and to explain why he was unable to follow the deadline that was set.   (Order at 1, *Harris v. Perry,* No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 31.)   Harris was cautioned that a "[f]ailure to timely respond to this order may constitute a waiver of the right to file a supplemental memorandum."   (*Id.*)   Harris did not respond to this Order and, therefore, he has waived his right to file an amendment and supplemental memorandum.

## II.        ANALYSIS OF PETITIONER'S CLAIMS

In Claim 4, Harris argues that his trial and appellate counsel rendered ineffective assistance, in violation of the Sixth Amendment.   (§ 2254 Pet. at PageID 10, *Harris v. Perry,* No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 1.)   In the form § 2254 Petition, Harris alleges only that "Petitioner's trial counsel failed to investigate the petitioner's case in relation to the law both factually and legally."   (*Id.*)   In his legal memorandum, Harris argues that his trial counsel (i) failed to mention during the argument on the motion to suppress that Harris had been arrested without probable cause "because the petitioner was arrested and taken into custody without an arrest warrant in relation to the victim's death" (Mem. in Supp. of § 2254 Pet. at 12, *id.,* ECF No. 1-1); (ii) failed to mention during the argument on the motion to suppress that "the officers' [sic] continu[ed] to question [him] after he invoked his right to have counsel present during the custodial interrogation on both April 14, 2002 and on April 16, 2002" (*id.* at 13); (iii) failed to raise in the motion for a new trial that the trial court erred in denying the motion to suppress on the grounds that (a) "the petitioner was handcuffed the entire time, although, he was treated as a witness, not as a suspect, during the interview" and (b) the police continued to question him after

he had invoked his right to counsel (*id.* at 14); and (iv) "fail[ed] to adequately prepare petitioner for trial and to adequately communicate with the petitioner prior to the petitioner trial, because petitioner's trial counsel failed to confer with his client without delay and as often as necessary to elicit matters of defense, or to ascertain what potential defenses were or were not unavailable" (*id.*). Harris further alleges that (v) his appellate counsel rendered ineffective assistance by failing to raise on appeal the Fourth Amendment issues that trial counsel had neglected to include in the motion for a new trial. (*Id.* at 17.)

In his Answer, Respondent argues that the portion of Claim 4 addressing the performance of trial counsel is barred by procedural default. (Answer at 22-23, *Harris v. Perry,* No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 24.) The only ineffective assistance claim in the original post-conviction petition pertained to the performance of appellate counsel. (*See* Pet. for Post-Conviction Relief at PageID 934-35, 963-66, *Harris v. State,* Nos. 03-00441, -00442 (Shelby Cnty. Crim. Ct.), ECF No. 15-15.) In his amended post-conviction petition, Harris argued that his attorney failed to investigate both factual and legal issues of merit (Am. Post-Conviction for Relief at PageID 985, *id.*, ECF No. 15-15), but the factual basis for the issue did not mention trial counsel's performance (*id.* at PageID 985-89). Harris did argue that trial counsel failed to investigate something about his arrest and interrogation, but the only decipherable argument is that he made a statement after speaking with Memphis Police Officer Eddie Bass. (*Id.* at PageID 990-94.) The post-conviction court denied relief, addressing only the claim that trial counsel rendered ineffective assistance by failing to call Bass as a witness at the suppression hearing and at trial. (Order Denying Pet. for Post Conviction Relief at 6, *Harris v. State,* Nos. 03-00441, -00442 (Shelby Cnty. Crim. Ct.), ECF No. 15-15 at PageID 1077.)

After the post-conviction court denied relief, Harris filed a *pro se* brief to the Tennessee Court of Criminal Appeals ("TCCA"). (Br. of the Appellant of Tenn. [sic], *Harris v. State,* No. W2010-01848-CCA-R3-PC (Tenn. Crim. App.), ECF No. 15-18.) The rambling, 34-page argument section has been characterized by the TCCA as "barely intelligible." *Harris v. State,* No. W2010-01848-CCA-R3-PC, 2011 WL 3629230, at *5 (Tenn. Crim. App. Aug. 18, 2011), *appeal denied* (Tenn. Dec. 13, 2011). According to the TCCA, the ineffective-assistance claims raised in the post-conviction appeal were "that trial counsel performed deficiently by failing to present Eddie Bass as a witness at the suppression hearing and at trial" and that "appellate counsel failed to raise meritorious issues on appeal . . . regarding the deprivation of [Harris'] constitutional rights during interrogation and deficiencies in the indictment." *Id.* That conclusion is supported by the appellate record. The list of issues in Harris's brief to the TCCA on the post-conviction appeal does not mention ineffective assistance of trial or appellate counsel. (*See* Br. of the Appellant of Tenn. [sic] at iii, *Harris v. State,* No. W2010-01848-CCA-R3-PC (Tenn. Crim. App.), ECF No. 15-18 at PageID 1136.) Ineffective assistance is mentioned only in connection with issue 1, that the "[t]rial [c]ourt abused its discretion denying all of the appellant's issues at post-conviction hearing." (*Id.* at PageID 1151.) Harris argued in his brief to the TCCA that trial counsel failed to call Bass to testify at trial (*id.*) and appellate counsel failed to raise meritorious issues (*id.* at PageID 1152). Therefore, the Court finds that sub-claims (i), (ii), (iii) and (iv) were not exhausted in state court and, because no further avenue exists in which to present those claims to the state courts, they are barred by procedural default.[2]

---

[2] Harris did not raise trial counsel's failure to call Bass to testify in his § 2254 Petition. The remainder of issue 1 in the state appellate brief refers to ineffective assistance but, as the

In his Reply, Harris concedes that his attorney failed to exhaust certain of his claims in state court but argues that "'[c]ommon sense dictates that a litigant cannot be held constructively responsible for the conduct on [sic] an attorney who is not operating as his agent in any meaningful sense of that word.'" (Reply at 3, *Harris v. Perry,* No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 25.) Harris purports to cite the Supreme Court's decision in *Coleman v. Thompson,* 501 U.S. 722 (1991), but that quotation does not appear in the opinion. The quotation appears in Justice Alito's concurrence in *Holland v. Florida,* 560 U.S. 631, 659 (2010) (Alito, J., concurring in part and concurring in the judgment). Justice Alito, in turn, cited *Coleman,* 501 U.S. at 752-54, which applied principles of agency law to determine when an attorney's error can be attributed to his client. *Coleman* held that, because there is no constitutional right to counsel in state post-conviction proceedings, the ineffective assistance of post-conviction counsel does not provide cause to excuse a procedural default. *Id.* at 752.

Harris's argument could be liberally construed as asserting that his procedural default can be excused on the basis of the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Until recently, a habeas petitioner could not obtain relief when a claim was barred by procedural default due to the ineffective assistance of post-conviction counsel. In 2012, the Supreme Court issued its decision in *Martinez v. Ryan*, 132 S. Ct. at 1320, which recognized a narrow exception to the rule stated in *Coleman* "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding . . . ." In such cases, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral

---

TCCA noted, the factual basis for the claim is "barely intelligible." *Harris v. State,* 2011 WL 3629230, at *5.

proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* The Supreme Court also emphasized that "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here. . . . It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id.* The requirements that must be satisfied to excuse a procedural default under *Martinez* are as follows:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. at 1918.

*Martinez* arose under an Arizona law that did not permit ineffective assistance claims to be raised on direct appeal. In its subsequent decision in *Trevino*, 133 S. Ct. at 1921, the Supreme Court extended its holding in *Martinez* to states in which a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal . . . ." Thus, the decision in *Trevino* modified the fourth requirement stated by *Martinez* for overcoming a procedural default. The decisions in *Martinez* and *Trevino* apply to Tennessee prisoners. *Sutton v. Carpenter*, 745 F.3d 787, 789 (6th Cir. 2014).

The decisions in *Martinez* and *Thaler* are of no assistance to Harris because, *inter alia, Martinez* does not apply to claims that post-conviction appellate counsel failed to exhaust. *Wallace v. Sexton,* 570 F. App'x 443, 453 (6th Cir. 2014) ("In the instant case, Wallace's claims

9

were properly presented to the post-conviction trial court, which denied all of his claims on the merits.   Thus, the alleged ineffective assistance of Wallace's post-conviction appellate counsel is not cause to excuse the procedural default of his defense-theory claims, and we may not consider these claims on the merits."); *see also Martinez*, 132 S. Ct. at 1316 ("While counsel's errors in [other levels of post-conviction] proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding.").   Harris also cannot complain about the failure to raise any claim during the post-conviction appeal because he was *pro se*.[3]   Therefore, because Harris cannot overcome his procedural default of sub-claims (i), (ii), (iii) and (iv), they are DISMISSED.

In sub-claim (v), Harris complains that his appellate counsel failed to raise meritorious issues on appeal.   (Mem. in Supp. of § 2254 Pet. at 17, *Harris v. Perry,* No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 1-1.)   Specifically, Harris asserts that "his appellate counsel failed to raise the three issues concerning the admission into evidence by the trial court of his oral and written confessions given to police in violation of his Fourth and Sixth Amendment Constitutional Rights, that was not raised in the motion for new trial by trial counsel

---

[3]   The TCCA noted that "[t]he appellate record does not contain a motion to withdraw filed by post-conviction counsel or any record that counsel was granted permission to withdraw.   The petitioner filed a pro se notice of appeal and does not complain about his lack of appellate representation."   *Harris v. State,* 2011 WL 3629230, at *1 n.2.   Nowhere in his § 2254 Petition does Harris complain that he was not represented by counsel on the post-conviction appeal.   Even if it were assumed that the failure to appoint counsel violated Tennessee law, that failure cannot be redressed in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.   Error in the application of state law is not cognizable in a federal habeas proceeding.   *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

. . . ." (*Id.*)   The three issues that trial counsel failed to include in the motion for a new trial were

as follows:

> (1) whether the petitioner's oral and written confessions given to police should
> have been suppressed as the product of the officers' arresting petitioner without
> probable cause on April 14, 2002, as a result of the petitioner's confessions was
> obtained in violation of the fruit of poison tree doctrine in violation of the Fourth
> Amendment to the United States Constitution; (2) whether the petitioner's oral and
> written confessions given to police should have been suppressed as the product of
> the officers' continuing to question petitioner after he invoked his right to have
> counsel present during the custodial interrogation on both April 14, 2002 and on
> April 16, 2002, which violated the petitioner's Sixth Amendments rights to the
> United States Constitution; and (3) whether the petitioner's oral and written
> confessions given to police should have been rendered inadmissible, especially
> since the proof at the petitioner's motion to suppress hearing established that the
> petitioner was handcuffed the entire time, although, he was treated as a witness, not
> as a suspect, during the interview according to the testimony of Lieutenant Anthony
> Craig, during cross-examination, at the petitioner's motion to suppression hearing
> on December 12, 2005 . . . .

(*Id.* at 16-17.)

Although his Answer is not completely clear, the Warden appears to argue that Harris did

not properly exhaust sub-claim (v) in state court insofar as he complains about the failure to raise

Fourth and Fifth Amendment issues that were not presented in the new trial motion.   (*See* Answer

at 26-27, *Harris v. Perry*, No. 2:12-cv-02668-STA-dkv (W.D. Tenn.), ECF No. 24.) [4]

Respondent's argument is well taken.

> [O]rdinarily a state prisoner does not "fairly present" a claim to a state court if that
> court must read beyond a petition or a brief (or a similar document) that does not
> alert it to the presence of a federal claim in order to find material, such as a lower
> court opinion in the case, that does so.

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

---

[4] The Warden asserts that sub-sub-claims (1) and (3) are identical.  (*See id.* at 26 n.3.)
This is incorrect.  Sub-sub-claim (1) argues that Harris was illegally arrested in violation of the
Fourth Amendment.  Sub-sub-claim (3) argues that Harris's confession was not voluntary
because it was taken in violation of the Fifth Amendment.

A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003) (internal quotation marks omitted), *abrogated on other grounds by English v. Berghuis*, 529 F. App'x 734, 744-45 (6th Cir. 2013); *see also Pudelski v. Wilson*, 576 F.3d 595, 605-06 (6th Cir. 2009) (same); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (same).

In his lengthy, rambling brief to the TCCA on the post-conviction appeal, Harris argued that his appellate counsel was ineffective. (*See* Br. of the Appellant of Tenn. [sic] at 2, *Harris v. State,* No. W2010-01848-CCA-R3-PC (Tenn. Crim. App.), ECF No. 18-18 at PageID 1152.) However, Harris failed to provide a coherent set of facts in support of that sub-claim. The only mention of the Fourth Amendment in the relevant section of Harris' appellate brief consists of the statement that "[t]he appellant in his post-conviction petition before the Court presented argument five Constitutional violation of his Fourth Amendment right to 'Notice'." (*Id.*) This statement introduces a discussion about a purported constructive amendment of the indictment. (*See id.* at PageID 1152-54.) Several pages later, the brief states that "[c]ounsel's []must conduct appropriate investigations, both factual and legal, to determine what manner and matter of defenses can be developed." (*Id.* at PageID 1154.) Again, the only factual support for counsel's asserted breach of the duty to investigate is the assertion that "[f]ailure to waive a void indictment must be considered" and the suggestion that subject-matter jurisdiction is not waivable. (*Id.* at PageID 1155.) Harris also asserts that the police continued to question him after he had invoked

his right to remain silent. (*Id.* at PageID 1158.) Nowhere in the relevant section does Harris make the factual or legal argument that he was arrested without probable cause in violation of the Fourth Amendment. Although Harris quoted the Fifth Amendment (*id.*), he did not argue that the use of handcuffs during the custodial interrogation violated the Fifth Amendment. Therefore, Harris has failed to exhaust sub-claim (v) to the extent it alleges that appellate counsel was ineffective in failing to include in the direct appeal brief the Fourth and Fifth Amendment issues that were not included in the motion for a new trial.

Harris has exhausted sub-sub-claim (2), that appellate counsel failed to argue that Harris's statements should have been suppressed because the police continued to question him after he had asked for an attorney. At the post-conviction hearings, the following evidence was presented:

> At the evidentiary hearing, trial counsel testified that he was appointed to represent the petitioner in the case at issue and an unrelated attempted aggravated robbery case. Counsel testified that as part of his trial preparations, he "had an open-file discovery session" with the prosecutors wherein he familiarized himself with all the information in the State's possession. He said that he filed a number of pretrial motions, including an unsuccessful motion to suppress the petitioner's pretrial statement. He could not recall the precise basis of the motion, only that it was unsuccessful.

> . . . .

> The petitioner claimed generally that trial counsel "could have argued a little better" during both the suppression hearing and at trial, but he could not state with any specificity how counsel's performance was actually deficient. The petitioner conceded that the facts contained in his statement, which was admitted into evidence, made the charges "kind of hard to beat" and admitted that trial counsel did "the best he could" at trial considering the overwhelming evidence. Nevertheless, the petitioner maintained that trial counsel was ineffective because he failed to properly articulate the Fourth Amendment issue to the trial court.

> The petitioner also asserted that his appellate counsel failed to challenge on appeal his illegal arrest. Essentially, the petitioner claimed that his statements to police should have been suppressed because he was arrested without probable cause prior to giving the statements.

13

Appellate counsel testified that he was appointed to represent the petitioner on appeal following trial counsel's successful motion to withdraw from the case. He stated that he selected those issues to pursue on appeal after examining the record and the motion for new trial and talking to the petitioner and his family. He could not recall anything unusual about the petitioner's appeal.

In an order detailing its findings of fact and conclusions of law, the postconviction court denied relief. The post-conviction court concluded that four of the petitioner's claims for post-conviction relief, including his claim that his pretrial statements should have been suppressed, had been previously determined. The court determined that the petitioner failed to present any evidence to support his claims that his convictions violated double jeopardy principles, that his convictions were based on an "Anderson" violation, and that the sentencing court lacked subject matter jurisdiction. The court ruled that the petitioner failed to establish that trial counsel performed deficiently by failing to secure Eddie Bass as a witness because he failed to present Mr. Bass as a witness at the evidentiary hearing. Finally, the court concluded that the petitioner had failed to establish that trial or appellate counsel did not sufficiently investigate factual and legal issues of merit or that appellate counsel performed deficiently when choosing those issues to present on appeal.

*Harris v. State,* 2011 WL 3629230, at *1-2.

The TCCA denied Harris' ineffective-assistance claims on the merits, reasoning as follows:

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697.

14

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766–67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

. . . .

The petitioner also asserts that appellate counsel failed to raise meritorious issues on appeal. He claims generally that appellate counsel should have raised issues regarding the deprivation of his constitutional rights during interrogation and deficiencies in the indictment. However, the petitioner presented absolutely no proof regarding either issue at the evidentiary hearing. As a result, he failed to establish by clear and convincing evidence that appellate counsel performed deficiently in his selection of those issues meriting appellate review.

*Harris v. State,* 2011 WL 3629230, at *4, *5.

A claim that ineffective assistance of counsel has deprived a habeas petitioner of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. [*Strickland*, 466 U.S.] at 689. The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the

Sixth Amendment.' *Id.*, at 687." *Harrington v. Richter*, 562 U.S. at 104 (parallel citations omitted).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[5] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' [*Strickland*, 466 U.S.] at 693. Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' *Id.*, at 687." *Richter*, 562 U.S. at 104 (parallel citations omitted); *see also id.* at 112 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable.") (citations omitted); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

Claims of ineffective assistance of appellate counsel are evaluated using the *Strickland* standards. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland* to claim that appellate counsel rendered ineffective assistance by failing to file a merits brief); *Smith v. Murray*,

---

[5] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id.* at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

477 U.S. 527, 535-36 (1986) (failure to raise issue on appeal). To establish that appellate counsel

was ineffective, a prisoner

> must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [the prisoner] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal.

*Smith v. Robbins*, 528 U.S. at 285 (citation omitted).[6]

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky,* 559 U.S.

356, 371 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under *de novo*

---

[6] The Sixth Circuit has stated a nonexclusive list of factors to consider when assessing claims of ineffective assistance of appellate counsel:

1. Were the omitted issues "significant and obvious?"

2. Was there arguably contrary authority on the omitted issues?

3. Were the omitted issues clearly stronger than those presented?

4. Were the omitted issues objected to at trial?

5. Were the trial court's rulings subject to deference on appeal?

6. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

7. What was the appellate counsel's level of experience and expertise?

8. Did the petitioner and appellate counsel meet and go over possible issues?

9. Is there evidence that counsel reviewed all the facts?

10. Were the omitted issues dealt with in other assignments of error?

11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006) (citation omitted).

review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S. Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S. Ct. 2052.

*Richter*, 562 U.S. at 105.

When an ineffective assistance claim is reviewed under § 2254(d), the review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S. Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles,* 556 U.S., at 123, 129 S. Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Richter*, 562 U.S. at 105.

Harris has not established that the decision of the TCCA on his claim that the police continued to question him after he asked for an attorney was contrary to *Strickland v. Washington* or *Smith v. Murray*. This is "a run-of-the-mill state-court decision applying the correct legal rule

. . . to the facts of a prisoner's case" and, therefore, it does "not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Williams v. Taylor*, 529 U.S. 362, 406 (2000).[7]

Harris also has not satisfied his burden of demonstrating that the TCCA's decision was an unreasonable application of *Strickland* or *Smith* or that it was based on an objectively unreasonable factual determination. In his motion for a new trial, Harris argued, without elaboration, that "[t]he Court erred in denying Defendant's motion to suppress both statements made by Defendant and used in the State's case-in-chief against him." (Mot. for New Trial at 2, *State v. Harris,* Nos. 03-00441, -00442 (Shelby Cnty. Crim. Ct.), ECF No. 15-1 at PageID 182.) During the argument on the new trial motion, defense counsel argued, without elaboration, that "[b]oth statements should have been suppressed and not been considered and that allowing those statements to be presented to the jury is a violation of Mr. Harris' constitutional rights under the 4th, 5th, 6th and 14th Amendments to the Constitution." (05/25/2006 Hr'g Tr. 3, *id.*, ECF No. 15-8.) Defense counsel did not specifically argue that Harris's statement should have been suppressed because the police continued to question him after he had invoked his Fifth Amendment right to counsel. Thus, although the motion for a new trial was sufficient to alert appellate counsel to the suppression issue, nothing in the filing highlighted the specific aspect of that issue that Harris now claims should have been raised.

The TCCA's conclusion that Harris failed to present any evidence in support of his claim that appellate counsel should have argued that the police continued to question him after he

---

[7] The Supreme Court has emphasized the narrow scope of the "contrary to" clause, explaining that "a run-of-the-mill state-court decision applying the correct legal rule from our cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Id.* at 406; *see also id.* at 407 ("If a federal habeas court can, under the 'contrary to' clause, issue the writ whenever it concludes that the state court's application of clearly established federal law was incorrect, the 'unreasonable application' clause becomes a nullity.").

invoked his Fifth Amendment rights is fully supported by the evidence. At the post-conviction hearing, Harris did not mention that aspect of his ineffective assistance of appellate counsel claim. (*See* 05/20/2010 Post-Conviction Hr'g Tr. 27-29, *id.*, ECF No. 15-16.) Appellate counsel also was not asked why he did not argue that the police continued to question Harris after he had invoked his right to counsel. (*See* 06/29/2010 Hr'g Tr. 6-8, *id.*, ECF No. 15-17.)[8]

Therefore, sub-claim (v) is DISMISSED.

Because every claim asserted by Petitioner is without merit, the Court DENIES the § 2254 Petition. The § 2254 Petition is **DISMISSED WITH PREJUDICE**. Judgment shall be entered for Respondent.

## III.      APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. at 335; *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States

---

[8] Harris testified at the suppression hearing that the officers questioned him after he had asked for a lawyer. (Suppression Hr'g Tr. 65, 66, 67, *State v. Harris,* Nos. 03-00441, -00442 (Shelby Cnty. Crim. Ct.), ECF No. 15-4.) Lieutenant Craig testified that Harris did not ask for a lawyer. (*Id.* at 31, 38, 47.) Although not mentioned by the TCCA on the post-conviction appeal, the TCCA held on direct appeal that "the evidence supports the trial court's finding that [Harris] knowingly, intelligently, and voluntarily waived his *Miranda* rights." *State v. Harris,* 2007 WL 2409676, at *10. The TCCA cited the facts that Harris "signed the advice of rights form and initialed and signed the statements," that Harris had testified that "he was a high school graduate, could read and write, and had signed the advice of rights form and the statements," and that "[h]e further acknowledged that he knew he could have had a lawyer present during questioning if he had desired one." *Id.* In finding that Lieutenant Craig was more credible than Harris, the trial court rejected Harris' testimony that he was questioned after asking for a lawyer. (*See* Suppression Hr'g Tr. 99-100, 101, *State v. Harris,* Nos. 03-00441, -00442 (Shelby Cnty. Crim. Ct.), ECF No. 15-4.)

Although Harris exhausted a claim that appellate counsel should have challenged the sufficiency of the indictment, he did not include that issue in his § 2254 Petition.

District Courts ("§ 2254 Rules"). A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Cockrell*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the § 2254 Petition is meritless for the reasons previously stated in this order and the order issued on September 28, 2015. Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal

would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[9]

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S.THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 10, 2016.

---

[9] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).