IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JARVIS HARRIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 2:12-cv-02668-STA-dkv |
| GRADY PERRY, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER DENYING PETITIONER'S MOTIONS FOR RELIEF FROM JUDGMENT**

Before the Court are the Motion for Relief from Judgment ("First Motion for Relief from Judgment") filed on behalf of Petitioner, Jarvis Harris, Tennessee Department of Correction prisoner number 400198, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, on February 11, 2016 and the Motion for Relief from Judgment ("Second Motion for Relief from Judgment") that was filed on March 14, 2016. (1st Mot. for Relief from J., ECF No. 34; 2d Mot. for Relief from J., ECF No. 37.) For the reasons stated below, the Court **DENIES** the pending motions.

**I.      PROCEDURAL HISTORY**

On July 30, 2012, Harris filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), accompanied by a legal memorandum. (§ 2254 Pet., ECF No. 1; Mem. of Law in Supp. of § 2254 Pet., ECF No. 1-1.) The § 2254 Petition presented the following issues:

1. "Whether the trial court erred by its denial of petitioner's pretrial motion to suppress the evidence?" (§ 2254 Pet. at PageID 5, ECF No. 1; *see also* Mem. of Law in Supp. of § 2254 Pet. at 4-7, ECF No. 1-1);

2. "Whether prosecution's references to petitioner as a gang member and other related gang inferences they-so [sic] prejudice the jury as to deny petitioner a fair trial?" (§ 2254 Pet. at PageID 7, ECF No. 1; *see also* Mem. of Law in Supp. of § 2254 Pet. at 8-10, ECF No. 1-1);

3. "Whether the trial court erred in not suppressing petitioner's April 16, 2002 confession" (§ 2254 Pet. at PageID 8, ECF No. 1); and

4. "Whether the petitioner was denied of [sic] effective assistance of counsel during the subsequent trial and appellate proceedings against him?" (*id.* at PageID 10; *see also* Mem. of Law in Supp. of § 2254 Pet. at 11-17, ECF No. 1-1).

The Court issued an order on September 28, 2015, that, *inter alia,* dismissed Claims 1 through 3. (Order, ECF No. 26.) The Order noted that "Harris has potentially viable ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims that have not been squarely addressed by the state courts." (*Id.* at 35.) Specifically, the Court noted that Harris had a potentially meritorious claim that he was arrested in violation of the Fourth Amendment but that trial counsel and post-conviction counsel had not raised the issue despite Harris's persistent attempts to bring the issue to counsels' attention. (*Id.* at 35-40.) The Order observed that "[i]t is unclear . . . whether Harris properly exhausted an ineffective assistance of trial counsel claim based on counsel's failure properly to litigate the Fourth Amendment issue. It is also unclear

whether that failure can be excused on the basis of the Supreme Court's decisions in *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), and *Trevino v. Thaler,* 133 S. Ct. 1911 (2013)." (*Id.* at 40-41.) The Order concluded that "it is in the interest of justice to appoint counsel in this matter to represent Harris with respect to that portion of Claim 4 that addresses the handling by trial and appellate counsel of the Fourth Amendment issue arising from Harris' arrest." (*Id.* at 41.) The matter was referred to Chief United States Magistrate Judge Diane K. Vescovo to determine whether Harris qualified for appointed counsel. (*Id.*) Harris was directed to file an *in forma pauperis* affidavit and a copy of his inmate trust fund account statement. (*Id.*)

On October 20, 2015, Harris filed the required documents. (Appl. to Proceed in District Court Without Prepaying Fees or Costs (Short Form), ECF No. 27.) On October 29, 2015, Magistrate Judge Vescovo found that Harris qualified for appointed counsel and directed that counsel be appointed from the Criminal Justice Act panel. (Order, ECF No. 28.) On November 4, 2015, Marty B. McAfee was appointed to represent Harris. (Appointment of and Authority to Pay Court Appointed Counsel, ECF No. 29.)

The Court issued an order on December 10, 2015, directing that, "within twenty-eight days of the date of entry of this order, Harris, through counsel, file any amendment to his § 2254 Petition that may be necessary pertaining to the ineffective-assistance claim and a legal memorandum." (Order at 2, ECF No. 30.) The Warden was invited to "file a supplemental answer addressing this issue twenty-eight days after the filing of Harris' amendment and memorandum." (*Id.* at 2-3.) Harris failed to comply with, or otherwise respond to, this Order.

In an order issued on January 14, 2016, Harris, through his appointed attorney, was instructed to advise the Court within three business days whether he intended to file a

supplemental memorandum and to explain why he was unable to follow the deadline that was set. (Order at 1, ECF No. 31.) Harris was cautioned that a "[f]ailure to timely respond to this order may constitute a waiver of the right to file a supplemental memorandum." (*Id.*) Harris did not respond to that Order.

In an order issued on February 10, 2016, the Court held that, by failing to respond to the previous orders, Harris had waived his right to file an amendment and supplemental memorandum. (Order at 5, ECF No. 32.) The Order dismissed Claim 4, holding that virtually every sub-claim was barred by procedural default and that the state-court decision on the one sub-claim that had been properly exhausted was not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), and was not based on an objectively unreasonable factual determination. (*Id.* at 5-20.) The Order also denied a certificate of appealability. (*Id.* at 21.) Judgment was entered on February 10, 2016. (J. in a Civil Case, ECF No. 33.)

On February 11, 2016, Harris, through counsel, filed his First Motion for Relief from Judgment, which sought relief under Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure. (1st Mot. for Relief from J., ECF No. 34.) That motion asked the Court to "strike its judgment" and extend Harris's time to file a supplemental memorandum and amendment. (*Id.* at PageID 1422.) McAfee explained that the ECF notices of the Court's previous orders had been delivered to his inbox but that his assistant erroneously assumed they had been sent in error and did not bring them to his attention. (*Id.*) Respondent filed a response in opposition to the motion on February 12, 2016. (Resp. in Opp'n to 1st Mot. for Relief from J., ECF No. 35.)

In an order issued on February 29, 2016, the Court denied relief under Rule 60, reasoning that McAfee's failures to respond to the Court's orders did not constitute "excusable neglect" under Rule 60(b)(1). (Order at 3-4, ECF No. 36.) The Order also stated as follows:

> However, Harris may be entitled to relief under Federal Rule of Civil Procedure 59(e) which provides for motions to alter or amend judgment. Relief under Rule 59(e) is available to correct a clear error of law, on the basis of newly discovered evidence or an intervening change in the law, or to prevent manifest injustice. Despite the absence of excusable neglect in this matter, there are other, more compelling concerns that the Court believes may justify relieving Harris from the consequences of his counsel's inaction. This case involves a § 2254 Petition and, thus, Harris's liberty. Additionally, the Court previously determined that Harris should be given the opportunity, through counsel, to further expound on and clarify the circumstances surrounding Claim 4 as set for[th] in the *pro se* Petition. While the Court believes that it has fully adjudicated and addressed Claim 4 on the merits in its Order, (ECF No. 32), it is possible that Harris may be able to convince the Court otherwise.
>
> Counsel shall have fifteen (15) days from the entry of this order in which to file a Memorandum of Law and any supporting documentation that counsel believes would contradict or justify reconsideration of the Judgment that has already been entered. The Respondent shall not be required to respond unless ordered to do so by the court. After reviewing the memorandum, the Court will determine whether Harris's motion for relief from judgment should be granted to prevent manifest injustice.

(*Id.* at 4-5 (internal quotation marks and footnote omitted).)

On March 14, 2016, Harris filed his Second Motion for Relief from Judgment, supported by a legal memorandum. (2d Mot. for Relief from J., ECF No. 37; Mem. of Law in Supp. of 2d Mot. for Relief from J., ECF No. 37-1.)

## II.     THE LEGAL STANDARD

"To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*,

558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks omitted). The Sixth Circuit has repeatedly held that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Rule 59(e) allows for reconsideration; it does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks and citations omitted).

      Here, Harris seeks relief on the basis of manifest injustice.

> Although the "manifest injustice" ground for a Rule 59(e) motion appears to be a catch-all provision, it is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. Instead, whether manifest injustice would result from denying a Rule 59(e) motion is, by definition, a fact-specific analysis that falls squarely within the discretionary authority of the Court. In exercising this discretion, the Court should weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings.

*Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010) (citations omitted).

> A movant seeking Rule 59(e) relief must be able to show "an error in the trial court that is direct, obvious, and observable...." *Cummings, Inc. v. BP Products North America, Inc.*, 2009 WL 3169463, *2 (M.D. Tenn. 2009). The movant must also be able to demonstrate that the underlying judgment caused them some type of serious injustice which could be avoided if the judgment were reconsidered. Essentially, the movant must be able to show that altering or amending the underlying judgment will result in a change in the outcome in their favor. *Via The Web Designs, L.L.C. v. Beauticontrol Cosmetics, Inc.*, 148 Fed. Appx. 483, 489 (6th Cir. 2005); *Campbell v. Credit Bureau Systems, Inc.*, 2009 WL 3429095 (E.D. Ky. 2009). A party may not seek Rule 59(e) relief on the premise of "manifest injustice" if the only error the movant seeks to correct is a "poor strategic decision." *GenCorp.*, 178 F.3d at 834. "Generally, relief under Rule 59(e) is an 'extraordinary remedy' restricted to those circumstances in which the moving party has set forth facts or law of a 'strongly convincing nature' that indicate that the court's prior ruling should be reversed." *Cummings*, 2009 WL 3169463 at *2. Essentially, "a showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *McDaniel v. American General Fin'l. Servs., Inc.*, 2007 WL 2084277, *2 (W.D. Tenn. 2007).

6

*In re Henning*, 420 B.R. 773, 785 (Bankr. W.D. Tenn. 2009). "As found in *Black's Law Dictionary*, a manifest injustice is defined as '[a]n error in the trial court that is direct, obvious and observable such as a defendant's guilty plea that is involuntary....'" *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667-B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (additional internal quotation marks and citation omitted).

**III.     ANALYSIS**

Harris has not satisfied his burden of demonstrating that he is entitled to relief under Rule 59(e) to prevent a "manifest injustice."[1] Specifically, Harris has failed to show that granting relief under Rule 59(e) would change the outcome of the proceeding. The February 10, 2016 Order itemized the ineffective assistance claims in Harris's § 2254 Petition (Order at 5-6, ECF No. 32), concluded that the claims addressing the performance of trial counsel were barred by procedural default (*id.* at 6-7) and that that default could not be overcome through the Supreme Court's decisions in *Martinez* and *Trevino* (*id.* at 8, 9-10). The Order also concluded that Harris failed properly to exhaust his claim that appellate counsel was ineffective in failing to raise on direct appeal the Fourth and Fifth Amendment issues that were not presented in the motion for a new trial and that that default could not be overcome. (*Id.* at 10-13.)

Harris's Second Motion for Relief from Judgment does not address the claims asserted in the § 2254 Petition or the Court's analysis of those claims with any specificity. Instead, he has referenced various pages in his post-conviction petition and brief to the TCCA on the

---

[1] A Rule 59(e) motion must be filed "no later than 28 days after the entry of judgment," which, in this case, was March 9, 2016. The Court may not extend the time within which to file a Rule 59(e) motion, Fed. R. Civ. P. 6(b)(2), and any attempt to do so is invalid, *see Rhoden v. Campbell*, 153 F.3 773 (6th Cir. 1998) (per curiam). A Rule 59(e) motion submitted on March 14, 2016, would be untimely. The Court has, however, construed the February 11, 2016, filing as seeking relief under Rule 59(e).

7

post-conviction appeal "to establish that the issue was previously raised during state proceedings." (2d Mot. for Relief from J. at PageID 1436, ECF No. 37.) Although the motion is not entirely clear, it appears that Harris is challenging the Court's holding that he did not exhaust a claim that his trial counsel mishandled the Fourth Amendment issue. (*See id.*) Counsel argues, in the alternative, that "[e]ven if Petitioner had not litigated this issue exhaustively, this Court should consider whether *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), excused this failure to litigate the issue." (*Id.*)

### A. Harris Did Not Exhaust a Claim that Trial Counsel Mishandled the Fourth Amendment Issue

Counsel argues that Harris properly exhausted a Fourth Amendment claim that he was arrested without probable cause. In evaluating counsel's argument, it is important to recall that a habeas petitioner properly exhausts a federal claim by presenting that claim to the state trial court **and** to the Tennessee Court of Criminal Appeals ("TCCA"). (*See* Order at 14, ECF No. 26.)

The citations supplied by Harris do not persuade the Court that he is entitled to relief from judgment. Although counsel is correct that Harris's original and amended post-conviction petitions have raised Fourth Amendment issues (*see* Pet. for Post-Conviction Relief at PageID 935, *Harris v. State*, No. 03-00441 (Shelby Cnty. Crim. Ct.), ECF No. 15-15 at PageID 935; Am. Post-Conviction Pet. for Relief at PageID 986, *id.*, ECF No. 15-15), those allegations were not contained in an ineffective-assistance claim. These citations do not undermine the Court's conclusion (Order at 6, ECF No. 32) that Harris's post-conviction petitions do not allege that trial counsel mishandled the Fourth Amendment issue by failing to argue that Harris had been arrested without probable cause. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) ("It is not

8

enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made.").

This conclusion is not undermined by Harris's statement that "the post-conviction court acknowledged that Petitioner raised this Fourth Amendment issue because the court listed this as a ground in the post-conviction court's order denying relief." (Mem. of Law in Supp. of 2d Mot. for Relief from J. at PageID 1437, ECF No. 37-1.) In determining whether a prisoner has "fairly presented" a claim to the state courts, a federal habeas court should look to the petition and the inmate's brief, not a state-court opinion. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("[O]rdinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").[2]

Even if it were assumed that Harris fairly presented to the post-conviction court the claim that trial counsel failed to argue that he had been arrested without probable cause, Harris failed to include the issue in his *pro se* brief on the post-conviction appeal. Instead, as the February 10, 2016 Order found, "Harris argued in his brief to the TCCA that trial counsel failed to call Bass to testify at trial . . . . ." (Order at 7, ECF No. 32.) Counsel argues that Harris's *pro se* brief includes other aspects of the Fourth Amendment issue, although it was styled as a sufficiency argument. (*See* Mem. of Law in Supp. of 2d Mot. for Relief from J. at PageID 1437, ECF No. 37-1.) This is neither accurate nor relevant. The statement cited by counsel appears in a section

---

[2] Moreover, Harris has, again, cited to a Fourth Amendment claim, not to an ineffective assistance of trial counsel claim. (*See* Order Denying Pet. for Post-Conviction Relief at 3, *Harris v. State*, No. 03-00441 (Shelby Cnty. Crim. Ct.), ECF No. 15-15 at PageID 1074.) The only Fourth Amendment ineffective assistance claim addressed by the post-conviction court was whether trial counsel rendered ineffective assistance by failing to call Officer Bass as a witness at the suppression hearing and at trial. (*Id.* at 6.)

of the brief titled, "The Trial court abused its discretion ruling the Evidence was sufficient to support the defendant's presumption of guilt convictions of First Degree Premeditated murder and First Degree Murder Beyond A Reasonable Doubt." (Br. of Appellant at PageID 1173, *Harris v. State*, No. W2010-02848-CCA-R3-PC (Tenn. Crim. App.), ECF No. 15-18.) Counsel has also taken the quoted language out of context. The sentence at issue reads: "There is absolutely no testimony or evidence from anyone that could establish Probable Cause to arrest and have a grand jury return formal indictments **where Eric Cooper statements are arbitrarily unreasonable and relied upon as a criminal informant.**" (*Id.* (emphasis added).) Finally, for the reasons previously stated, *see supra* pp. 8-9, raising a substantive Fourth Amendment claim is not sufficient to exhaust a Sixth Amendment claim that counsel mishandled a Fourth Amendment issue. Therefore, Harris did not "fairly present" to the state courts his claim that his trial counsel failed to argue that he was arrested without probable cause in violation of the Fourth Amendment.[3]

Moreover, counsel fails to address the implications of a holding that Harris **did** properly exhaust a claim that his trial counsel mishandled the Fourth Amendment issue. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law

---

[3] The Court fails to understand counsel's argument that, "[d]espite having raised these issues [in the post-conviction petitions], the record does not establish that the issues were litigated during the post-conviction hearing." (Mem. of Law in Supp. of 2d Mot. for Relief from J. at PageID 1437, ECF No. 37-1.) Counsel has the facts exactly backward. At the post-conviction hearing, Harris testified at length to his belief that he was arrested in violation of the Fourth Amendment and that his trial counsel mishandled that issue at the suppression hearing and motion for a new trial. (See 05/20/2010 Post-Conviction Hr'g Tr. 24-25, 26-27, 28-29, *Harris v. State*, No. 03-00441 (Shelby Cnty. Crim. Ct.), ECF No. 15-16.) Harris also complained that his attorney failed to raise the issue on direct appeal. (*Id.* at 27-28.) The Court's order referring the matter for appointment of counsel made this point. (*See* Order at 35, 40, ECF No. 26.) Post-conviction counsel failed to file a motion to amend the post-conviction petition to incorporate that issue, and he failed to question trial and appellate counsel about their handling of the issue.

procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). In *Cullen v. Pinholster,* the Supreme Court found an ineffective-assistance claim to have been adjudicated "on the merits" where the claim had been included in both of the prisoner's state habeas petitions, each of which the California Supreme Court had denied "on the substantive ground that it is without merit." 563 U.S. 170, 187 (2011) (internal quotation marks omitted). The Supreme Court explained that § 2254(d) "applies even when there has been a summary denial. In these circumstances, [a habeas petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that there was no reasonable basis for the [state court's] decision." *Id.* at 187-88 (additional internal quotation marks and citation omitted); *see also Richter*, 562 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

Here, the TCCA concluded that "[t]he petitioner also makes myriad other, barely intelligble claims regarding the efficacy of his trial and appellate counsel. We note that the petitioner simply failed to establish that either trial or appellate counsel performed deficiently in any way." *Harris v. State*, No. W2010-01848-CCA-R3PC, 2011 WL 3629230, at *5 (Tenn. Crim. App. Aug. 18, 2011). Counsel has failed to argue that there was no reasonable basis for the TCCA's decision. Without proof that the outcome of this case would change, there is no manifest injustice warranting relief under Rule 59(e).

B. **Given the Posture of the Case, the Decisions in *Martinez* and *Trevino* Do Not Help Harris**

Although counsel argues, in the alternative, that Harris might be entitled to relief under *Martinez* and *Trevino* "if Petitioner had not litigated this issue exhaustively" (Mem. of Law in

11

Supp. of 2d Mot. for Relief from J. at PageID 1436, ECF No. 37-1), the argument is unsupported. Counsel cites no authority for the proposition that *Martinez* and *Trevino* apply where a claim was properly raised in a post-conviction petition but counsel chose not to present evidence at the evidentiary hearing. The typical fact pattern for a *Martinez* issue involves the complete failure to present an issue in a post-conviction petition.

Moreover, counsel fails to address the fact that, even if he is correct that Harris fairly presented his claim to the post-conviction court, *Martinez* and *Trevino* do not apply to claims that were not raised in a post-conviction appeal. (*See* Order at 9-10, ECF No. 32.)

C. **Harris is not Entitled to Amend his § 2254 Petition to Raise a Fourth Amendment Ineffective Assistance of Trial Counsel Claim**

In its Order issued on December 10, 2015, counsel was directed to file any amendment to his § 2254 Petition that may be necessary pertaining to the Fourth Amendment ineffective assistance claim. (Order at 2, ECF No. 30.) Harris's § 2254 Petition does not argue that trial counsel rendered ineffective assistance by failing to argue during the motion to suppress that Harris was arrested without probable cause in violation of the Fourth Amendment. (*See* Order at 5-6, ECF No. 32.) Counsel did not file an amendment incorporating that claim.[4] Because he failed to file an amendment prior to the entry of judgment, he is now barred from doing so.[5]

---

[4] Had he done so, counsel could have cited *Martinez* and *Trevino* for the proposition that post-conviction counsel was ineffective in failing to move to amend the post-conviction petition to include that claim after Petitioner's testimony at the post-conviction hearing. Counsel also could have argued that the amendment was timely because it related back to the filing of the original § 2254 Petition.

[5] Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." "When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612,

### E. Harris has Abandoned his Ineffective Assistance of Appellate Counsel Claim

Harris's § 2254 Petition presented a claim that appellate counsel rendered ineffective assistance by not raising the Fourth Amendment issues that were not included in the motion for a new trial, including the alleged arrest without probable cause. (*See* Order at 10-11, ECF No. 32.) Counsel makes no argument that he is entitled to relief from judgment on that claim and, therefore, it has been abandoned.

\* \* \* \*

For the foregoing reasons, the Court **DENIES** Harris's Motions for Relief from Judgment. IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 27, 2016

---

616 (6th Cir. 2010); *see also In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) ("Plaintiffs wholly fail to appreciate that because the district court dismissed this action, the court must first reopen their case in order to grant leave to conduct discovery or permit them to submit an amended complaint."). Here, counsel has failed to demonstrate that the decision dismissing Claim 4 was incorrect and, therefore, he cannot amend to assert any new claim.